### KEENAN, ESTATE OF, In Re

Ohio Probate Court, Montgomery Co

Decided Nov 15, 1937

Baggott & Baggott, Dayton, for administrator.

E. E. Duncan, Dayton, and H. H. Harbison, Detroit, Mich., for the petitioner.

### OPINION

By WISEMAN, J.

This matter comes on to be heard on the petition filed by Florence Keenan for an order reinstating her claim against the estate of the decedent, Vincent Keenan, under §10509-134, GC.

Before the creditor is entitled to an order reinstating a claim two things must be proven to the satisfaction of the court.

First, that the court is of the opinion that justice and equity required that the claim be reinstated, and

Second, that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time prescribed by law.

The court has always taken the position that the statute mentioned does not require or permit the court to examine into the merits of the claim on the hearing for a reinstatement of the claim. The statute expressly provides that should the court be satisfied that justice and equity requires the claim to be reinstated and that the petitioner was not chargeable with culpable neglect, the court "may permit petitioner to file his claim for allowance." This court is of the opinion that the effect of the order is to place the creditor in the same position he was immediately after the appointment of the fiduciary and prior to the expiration of the time within which creditors may present their claims. Accordingly, the court did not attempt to determine this case on the merits but took some testimony relative to the nature and character of the claim in order to determine in justice and equity whether or not the claim was one which should be presented. Because the court has taken this position in regard to such a hearing, the burden of the testimony necessarily is on the issue as to whether or not the petitioner was chargeable with culpable neglect in failing to present her claim within the four month period.

The record in this case shows that within the four month period this petitioner sought legal counsel not only in the city of her residence, but also engaged co-counsel in the city of Dayton for the purpose of presenting her claim against the estate. The local counsel called on James C. Baggott, who was acting as counsel for The Winters National Bank & Trust Company, administrator for the estate, and informed Mr. Baggott that there was a claim against the estate. Thereupon a discussion arose between counsel as to the manner in which the claim should be presented and whether or not the petitioner must first reduce her claim to judgment, inasmuch as it was a

claim for unpaid alimony under the award of the court which granted the decree of divorce. The evidence shows that counsel had several conferences relative to the legal phases of the situation arising by reason of the assertion of the claim of the petitioner.

Within the four month period the proof of claim was presented to James C. Baggott, as administrator for said estate, when in fact he was not the administrator, but only acting as attorney for the administrator, and on the proof of claim there was provided a place for the administrator to receipt that the claim had been presented. At the time the claim was presented, Mr. Baggott did sign the receipt. According to his testimony, Mr. Baggott signed the receipt without observing that it was to be signed by the administrator. Counsel for the petitioner testified that he was laboring under the assumption during all of the negotiations that Mr. Baggott was the administrator and at the time it was presented to Mr. Baggott, they were laboring under a mistake of fact as to who was administrator. Counsel for the petitioner also testified that at the time the claim was presented and the receipt was signed by Mr. Baggott they were of the opinion that the claim had been duly and properly presented to the administrator within the time prescribed by law. Mr. Baggott testified that he was laboring under the assumption that counsel for the petitioner knew who the administrator was and that no statement was made by him regarding the fact that the claim was presented to him, who was acting as counsel and was not the administrator of the estate. It appears from the testimony that counsel on each side was ignorant of the fact that the other was laboring under a false assumption and a mistake of fact.

Without question the petitioner is chargeable with any carelessness or negligence on the part of her counsel. The question, however, for the court to determine is whether or not under these facts the petitioner is chargeable with "culpable neglect", within the provisions of §10509-134, GC.

The court is of the opinion that these facts do not show a waiver of presentment, as counsel for the petitioner contends, for the reason that counsel on both sides intended that a claim should be presented and an effort was made to duly present a

claim. There are cases in Ohio which do hold that counsel for the administrator may waive the presentment of a claim, but this evidence in this case shows that no such power was attempted to be exercised by counsel for the administrator, or that a waiver of presentment was ever intended. The court is of the opinion that while the facts in this case do not show a legal waiver of the duty to present the claim for allowance, the facts proven do not make out a case of "culpable neglect," for the reason that the evidence shows conclusively that both the petitioner and the administrator acted through their counsel laboring under a mutual mistake of fact. The evidence further shows that the mistake was not discovered by the counsel for petitioner or counsel for administrator until after the expiration of the four month period.

The court is of the opinion that when the evidence shows that where both the claimant and the fiduciary have acted under a mutual mistake of fact, and that the claim was presented to the counsel for the administrator thinking that counsel was the administrator, and the counsel for the administrator, not knowing that the claimant was mistaken and receipted for the presentation of the claim at a place intended for signature of administrator, not knowing that in signing the receipt, the claimant believed it was presented and receipted by the administrator, so that each side was ignorant of the mistake made by the other, the claimant is not guilty of "culpable neglect," as this term is used in §10509-134, GC, for failure to present the claim within the time limit prescribed by law, if the mistake was not discovered until after the expiration of the time limit. **Schindler v Schindler, 50 Oh Ap 517, 2 OO 95.**

The court is of the opinion that the petitioner's claim, based upon the alimony award by the divorce court, in justice and in equity, should be presented for allowance or rejection by the fiduciary.

The court is of the opinion that the petitioner in this case is not chargeable with culpable neglect in failing to present her claim within the time prescribed by law and that justice and equity requires that the petitioner be permitted to file her claim for allowance.